IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ALONZO DARNELL COBBIN,          :
                                :
          Petitioner            :    CIVIL NO. 3:CV-12-2354
                                :
     v.                         :    (Judge Conaboy)
                                :
H. L. HUFFORD,                  :
                                :
          Respondent            :

**MEMORANDUM**
**Background**

     Alonzo Darnell Cobbin, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Named as Respondent is the Warden H. L. Hufford of FCI-Schuylkill.[1]  Petitioner will be granted temporary leave to proceed in forma pauperis for the sole purpose of the filing of this action with this Court.

     Petitioner states that he was arrested in Flint, Michigan, on December 1, 2009.  Cobbin adds that he was subsequently indicted by a federal grand jury on charges of being a felon in possession of a firearm (two counts) and possession with intent to distribute cocaine.  According to the Petition, Cobbin, while

---

[1]  The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official.  See 28 U.S.C. § 2242.

1

represented by counsel, entered a guilty plea in the United States District Court for the Eastern District of Michigan to one count of being a felon in possession of a firearm.  On August 13, 2010, Petitioner was sentenced to a 115 month term of imprisonment which was to run concurrently with his Michigan state sentence.

Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that: (1) the Eastern District of Michigan lacked jurisdiction over his criminal prosecution; (2) he was never served with a criminal complaint; (3) there was no signed plea agreement; (4) his guilty plea was not made knowingly, voluntarily, and intelligently; (5) an Anders[2] brief outlining the case and any potential grounds for appeal was not filed by Petitioner's trial counsel; (6) the indictment did not charge Cobbin with all essential elements; (7) the sentence was premised on an incorrect criminal history score; and (8) ineffective assistance of counsel.  See Doc. 1, pp. 2-3.  Petitioner seeks his immediate release.  There is no indication by Cobbin that he filed a direct appeal or sought relief via a petition pursuant to 28 U.S.C. § 2255.

## Discussion

Habeas corpus petitions are subject to summary dismissal

---

[2]  See Anders v. California, 386 U.S. 738 (1967).

2

pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

    Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

    Petitioner generally argues that he may bring his present claims of unconstitutional conviction and sentence in either a § 2255 petition or if that remedy is foreclosed, via a § 2241 petition.  See Doc. 1, p. 28.  He adds that this Court has jurisdiction over his § 2241 action by virtue of his confinement at FCI-Schuylkill.  Alternatively, Cobbin requests that this

matter be transferred to an appropriate federal court if it is concluded that this Court does not have jurisdiction.  See id.

When challenging the validity of a federal sentence and not its execution,[3] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle v. United

---

[3] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241.  See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his 2010 federal guilty plea and sentence which was imposed by the Eastern District of Michigan.  Thus, he must do so by following the requirements of  § 2255.  As previously noted, there is no indication that Petitioner either filed a direct appeal or previously sought relief via a § 2255 action.

Cobbin's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law.  Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding.  As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in

5

the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Cobbin's claims do not fall within the narrow <u>Dorsainvil</u> exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. <u>See</u> <u>Levan v. Sneizek</u>, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to file a section 2255 motion in the United States District Court for the Eastern District of Michigan, or if appropriate seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 28, 2012

6